[No. D011485. Fourth Dist., Div. One. Nov. 21, 1991.]

ALLEN V. WEIDENFELLER, Plaintiff and Respondent, v.
STAR AND GARTER et al., Defendants and Appellants.

[No. D011599. Fourth Dist., Div. One. Nov. 21, 1991.]

ALLEN V. WEIDENFELLER, Plaintiff and Appellant, v.
STAR AND GARTER et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of the section pertaining to Star and Garter's appeal, including the concurring opinion.

2

## COUNSEL

Joseph J. Barr, Jr., for Plaintiff and Appellant and for Plaintiff and Respondent.

Douglas R. McCorquodale and Deborah J. Stare for Defendants and Appellants and for Defendants and Respondents.

## OPINION

**WIENER, Acting P. J.**—Plaintiff Allen V. Weidenfeller, the victim of an unprovoked armed assault in the parking lot of the Star and Garter bar in East San Diego, sued Star and Garter and the owners of the bar, Floyd Andeel and Triple A Corporation,[2] alleging defendants' failure to provide adequate lighting and a security presence were substantial factors in causing his injuries. The jury agreed with Weidenfeller finding Star and Garter's negligence in managing its premises proximately caused Weidenfeller's injuries. The jury also found Weidenfeller suffered economic damages of $122,500 and noneconomic damages of $250,000 attributing 75 percent fault to the assailant Vernon De Charles Broughton, 20 percent to Star and Garter, and 5 percent to Weidenfeller. Pursuant to California Civil Code section 1431.2[3] the court used these percentages to reduce the noneconomic damage award to $50,000 (20 percent of $250,000) and the economic damage award

---

[2]For convenience, we refer to defendants Star and Garter, Andeel, and Triple A Corporation collectively as "Star and Garter."

[3]Civil Code section 1431.2, subdivision (a) provides: "In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint. Each defendant shall be liable only for the amount of non-economic damages allocated to that

to $116,375 (95 percent of $122,500). Judgment was entered for $166,375 plus interest and costs.

Star and Garter appeals asserting it owed no duty to Weidenfeller, there was insufficient evidence to establish the requisite breach of duty or causation and the court made prejudicial evidentiary errors. Weidenfeller cross-appeals contending the court should not have applied section 1431.2 in a manner which eliminated the 75 percent fault attributable to the assailant's intentional conduct in computing Weidenfeller's noneconomic damages. As we shall explain we reject these arguments and affirm the judgment.

### STAR AND GARTER'S APPEAL*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### WEIDENFELLER'S APPEAL

#### I.

Section 1431.2, subdivision (a) provides a defendant is liable for noneconomic damages only in direct proportion to its fault. Weidenfeller contends the court erred in applying section 1431.2 here, pointing to the statutory language which renders the section applicable only to actions "for personal injury, property damage, or wrongful death, *based upon principles of comparative fault . . .*" (§ 1431.2, subd. (a), italics added.) Weidenfeller says this is not an action *"based upon principles of comparative fault"* because Broughton's conduct was intentional. Comparative fault principles, he argues, are inapplicable whenever one party, as here, acted intentionally.

Our obligation is to interpret the statute "to effectuate the purpose of the law." (See *Santa Barbara County Taxpayers Assn. v. County of Santa Barbara* (1987) 194 Cal.App.3d 674, 681 [239 Cal.Rptr. 769].) "[S]tatutes must be construed in a reasonable and common sense manner consistent with their apparent purpose and the legislative intent underlying them—one practical, rather than technical, and one promoting a wise policy rather than

---

defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against that defendant for that amount." Section 1431.2 was enacted in 1986 through an initiative measure, the Fair Responsibility Act of 1986, popularly known as Proposition 51.

All statutory references are to the Civil Code unless otherwise specified.
*See footnote 1, *ante*, page 1.

mischief or absurdity." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 338 [189 Cal.Rptr. 450].)[9]

█ Respectfully, we think Weidenfeller's myopic view of the statute focusing on its words rather than its purpose distorts the meaning of section 1431.2. According to Weidenfeller the statute has a limited effect benefitting a negligent tortfeasor only where there are other equally culpable defendants, but eliminating that benefit where the other tortfeasors act intentionally. Stating the proposition reflects its absurdity. It is inconceivable the voters intended that a negligent tortfeasor's obligation to pay only its proportionate share of the noneconomic loss, here 20 percent, would become disproportionate increasing to 95 percent solely because the only other responsible tortfeasor acted intentionally. To penalize the negligent tortfeasor in such circumstances not only frustrates the purpose of the statute but violates the commonsense notion that a more culpable party should bear the financial burden caused by its intentional act.

This latter concept, that the intentional actor bear full responsibility for its act, is reflected in the Legislature's enactment of Code of Civil Procedure section 875 et seq. permitting contribution between negligent tortfeasors, but precluding contribution for "any tortfeasor who has intentionally injured the injured person." (Code Civ. Proc., § 875 subd. (d).) The California Supreme Court has also emphasized that the purpose of section 1431.2 is to prevent the unfairness of requiring a tortfeasor who is only minimally culpable *as compared to the other parties* to bear all the damages. (See *Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1198 [246 Cal.Rptr. 629, 753 P.2d 585].)

Weidenfeller's hypertechnical interpretation of section 1431.2 would also require we read the cases upon which he relies, *Allen* v. *Sundean* (1982) 137 Cal.App.3d 216 [186 Cal.Rptr. 863] and *Godfrey* v. *Steinpress* (1982) 128 Cal.App.3d 154 [180 Cal.Rptr. 95]), out of context. We decline to do so.

In *Allen* v. *Sundean* the court held a defendant found to have acted intentionally could not obtain partial indemnity from a negligent joint tortfeasor. Similarly, *Godfrey* v. *Steinpress* held a plaintiff's contributory negligence is not a defense to an intentional tort and therefore ruled the trial court correctly refused to instruct on comparative negligence with respect to the plaintiff's fraud and intentional infliction of emotional distress claims.

*Godfrey* and *Allen*, therefore, stand for the proposition that an intentional actor cannot rely on someone else's negligence to shift responsibility for his

---

[9]These rules of construction apply with equal force to statutes adopted through the initiative process. (See *Santa Barbara County Taxpayers Assn.* v. *County of Santa Barbara*, *supra*, 194 Cal.App.3d at pp. 680-681.)

or her own conduct. These cases reflect the common law determination that a party who commits intentional misconduct should not be entitled to escape responsibility for damages based upon the negligence of the victim or a joint tortfeasor. (See *Bartosh* v. *Banning* (1967) 251 Cal.App.2d 378 [59 Cal.Rptr. 382]; see Prosser & Keeton, Torts (5th ed. 1984) § 65, p. 462 [Intentional "conduct differs from negligence . . . in the social condemnation attached to it."]) It is in this context that we must examine *Allen*'s statement, upon which Weidenfeller relies, that intentional torts appear to be excluded from the comparative fault system. (*Allen* v. *Sundean, supra,* 137 Cal.App.3d at p. 226.)

In context this statement does not mean that section 1431.2 never applies to both intentional and negligent tortfeasors. Unlike *Godfrey* and *Allen* this is not a case where the intentional actor is attempting to shift its financial burden to a negligent party. We have the converse situation, where the injured party is attempting to transfer the intentional actor's responsibility to the negligent tortfeasor. There is no principled basis on which we can interpret the statute in this manner.[10] We therefore hold the court properly applied section 1431.2, subdivision (a).

## II.

▪ Weidenfeller additionally argues application of section 1431.2 here contravenes public policy because it limits a plaintiff's opportunity to obtain full recovery. The Supreme Court recently rejected similar arguments concerning section 1431.2 generally. (*Evangelatos* v. *Superior Court, supra,* 44 Cal.3d at p. 1198.) In so ruling, the *Evangelatos* court recognized that a legitimate "consequence of the statute . . . will be that persons who are unfortunate enough to be injured by an insolvent tortfeasor will not be able to obtain full recovery for their noneconomic losses, . . ." (*Id.* at p. 1204.)

Weidenfeller fails to explain why the situation here requires us to reach a different conclusion. Even if it were true, as Weidenfeller asserts, that an intentional tortfeasor generally has less financial resources than an unintentional tortfeasor, this does not render section 1431.2 so inequitable as to be against public policy. As explained by the Supreme Court, "[u]nder any tort liability scheme, a plaintiff who is injured by a single tortfeasor who proves to be insolvent is, of course, worse off than a plaintiff who is injured by a

---

[10]Implicit in our conclusion is our rejection of the Kansas decisions upon which Weidenfeller relies. (See *Gould* v. *Taco Bell* (1986) 239 Kan. 564 [722 P.2d 511]; *Lynn* v. *Taylor* (1982) 7 Kan.App.2d 369 [642 P.2d 131]; *M. Bruenger & Co.* v. *Dodger City Truck Stop, Inc.* (1984) 234 Kan. 682 [675 P.2d 864, 869-870].) To the extent Kansas courts have held the doctrine of comparative fault is inapplicable to intentional torts in a situation such as the one here, we find those decisions unpersuasive.

single tortfeasor who can pay an adverse judgment." (*Evangelatos, supra,* 44 Cal.3d at p. 1204.)

We likewise reject Weidenfeller's suggestion that application of section 1431.2 is against public policy because it would fail to effectively deter *negligent* tortfeasors. Negligent actors remain liable for *all* economic damages and for noneconomic damages in proportion to their fault. Moreover, a legitimate purpose of the code section is to deter the more culpable defendant. The fact that Weidenfeller disagrees with the statute's effectiveness to reach that goal does not render the statute against public policy.[11]

### III.

■ Weidenfeller further argues application of section 1431.2 here violated his due process rights because the jury had no standard under which it could compare intentional misconduct to ordinary negligence.[12] But in an analogous context, the California Supreme Court has found juries to be "fully competent to apply comparative fault principles between negligent and strictly liable defendants." (See *Safeway Stores, Inc.* v. *Nest-Kart* (1978) 21 Cal.3d 322, 331 [146 Cal.Rptr. 550, 579 P.2d 441].) The jury here found defendants to be a substantial factor in causing Weidenfeller's injuries, but apportioned most of the fault to the individual who actually pulled the trigger. This verdict reflects the jury applied a proper standard and understood fully how to compare the tortfeasors' conduct.

■ Weidenfeller additionally contends application of section 1431.2 when an intentional tortfeasor is involved is "unconstitutionally confiscatory." But Weidenfeller points to nothing in this case which has been confiscated. The cases he relies upon concern the constitutionality of price controls and have nothing to do with the propriety of limiting the amount of damages a plaintiff may recover from any one tortfeasor. (See *Calfarm Ins. Co.* v.

---

[11]In a related argument, Weidenfeller contends application of section 1431.2 here means a negligent defendant would benefit unfairly from a party's intentional conduct, citing *Campodonico* v. *State Auto Parks, Inc.* (1970) 10 Cal.App.3d 803 [89 Cal.Rptr. 270]. The portion of *Campodonico* upon which Weidenfeller relies, however, stands for the proposition that a party is not relieved of liability because of the intervening act of a third person if such act was reasonably foreseeable. Section 1431.2 does not affect this well-established principle of causation. In this case, the jury found that Star and Garter should have reasonably foreseen Broughton's conduct and thus held Star and Garter liable for Weidenfeller's damages. Section 1431.2 merely shifts a party's responsibility for a portion of the damages once that liability is established.

[12]In *Evangelatos* v. *Superior Court, supra,* 44 Cal.3d 1188, 1212 the Supreme Court upheld the constitutionality of section 1431.2 and specifically rejected challenges that the statute was unconstitutionally vague or that it violated due process. Weidenfeller claims *Evangelatos* is not controlling because in that case the court considered the facial validity of the statute, whereas here he challenges the statute as applied to his particular situation.

*Deukmejian* (1989) 48 Cal.3d 805 [258 Cal.Rptr. 161, 771 P.2d 1247]; *Birkenfeld* v. *City of Berkeley* (1976) 17 Cal.3d 129 [130 Cal.Rptr. 465, 550 P.2d 1001].)

We also reject Weidenfeller's assertion that section 1431.2 is inapplicable when a defendant is held vicariously liable for another party's conduct. That issue is not before us, since defendants were not held vicariously liable for Broughton's misconduct. Rather, the jury held Star and Garter to be a joint tortfeasor and a concurrent cause of Weidenfeller's injuries. ▋ There is also no merit to Weidenfeller's contention section 1431.2 is inapplicable because it fails to expressly state that it governs "premises liability cases involving intentional harm which a negligent defendant should have foreseen and taken steps to prevent." There is no requirement that a statute specifically state every variation of a situation to which the statute will apply.

### DISPOSITION

Judgment affirmed.

Rodriguez, J.,* concurred.

**HUFFMAN, J.,** concurring.†

· · · · · · · · · · · · · · · · · · · · · · · · · ·

---

*Judge of the Municipal Court for the San Diego Judicial District sitting under assignment by the Chairperson of the Judicial Council.

†See footnote 1, *ante*, page 1.