Laurentina AVITIA; Antonio Avitia, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 00–55240.

D.C. No. CV–97–06365–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Dec. 14, 2001.

Before GOODWIN, WALLACE, and THOMAS, Circuit Judges.

## MEMORANDUM *

The principal plaintiff in this case, Laurentina Avitia, filed this action after she

* This disposition is not appropriate for publication and may not be cited to or by the courts

was sexually assaulted by her doctor at the Clinicas del Camino Real. The United States is the defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et. seq., because the clinic, as a recipient of federal funds, is an employee of the United States. 42 U.S.C. § 233. The United States appeals from the district court's judgment holding it liable because the clinic and the clinic's employees, in violation of clinic policy, failed to provide a chaperone to Avitia during her gynecological exam. The United States also challenges the failure of the district court to apportion damages. The district court had jurisdiction under 28 U.S.C. § 1346(b). We have jurisdiction under 28 U.S.C. § 1291.

Because the alleged tort occurred in California, we apply California tort law. *See* 28 U.S.C. § 2674. To determine California law, we look first to decisions of the state's highest court, *West v. AT & T*, 311 U.S. 223, 237–38, 61 S.Ct. 179, 85 L.Ed. 139 (1940), and then to "all available data," *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 521 (9th Cir.1984) (internal quotation marks and citation omitted).

We review the district court's interpretation of California tort law de novo. *Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 521 (9th Cir.1984). We review a district court's findings of fact for clear error, *Sana v. Hawaiian Cruises, Ltd.*, 181 F.3d 1041, 1044 (9th Cir.1999), and a district court's conclusions of law de novo, *Cigna Prop. and Cas. Ins. Co. v. Polaris Pictures Corp.*, 159 F.3d 412, 418 (9th Cir.1998).

■ The United States first argues that it cannot be held liable under a respondeat superior theory because the California Supreme Court, in *Lisa M. v. Henry Mayo Newhall Mem'l Hospital*, 12 Cal.4th 291, 48 Cal.Rptr.2d 510, 907 P.2d 358 (1995), held that an employer cannot be held liable for an employee's intentional sexual mis-

conduct as such conduct is not within the scope of employment. Whether an employee's act is within the scope of employment is a mixed question of law and fact that we review de novo. *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 745 (9th Cir.1991).

The United States misunderstands the application of *Lisa M.* to this case. *Lisa M.* held that a hospital was not liable for the intentional sexual assault of a patient by one of its technicians under a respondeat superior theory because the assault was not within the scope of the technician's employment. *Lisa M.*, 48 Cal.Rptr.2d 510, 907 P.2d at 364–66. It did not foreclose employer liability for an employee's intentional sexual misconduct based on other theories. Indeed, the court expressly affirmed that theories other than sexual misconduct are still available when it remanded the case so that the lower court could determine whether the hospital was independently negligent. *Id.* at 367.

Here, the district court found the clinic liable both for its own negligence and, under respondeat superior, for the negligence of Dr. Shohayeb and Medical Assistant Barbosa because Shohayeb and Barbosa failed to comply with the clinic's chaperone policy. Although the court found the clinic liable in part under respondeat superior, the tort underlying the respondeat superior theory was employee negligence, not an employee's intentional sexual assault. *Lisa M.* did not preclude an employer's liability under respondeat superior generally. It merely closed the door to respondeat superior liability for intentional sexual misconduct in certain circumstances. *Id.* at 365 n. 7. Since the district court based the clinic's respondeat superior liability upon the failure of the clinic's employees to follow the chaperone policy, and not on Shohayeb's assault, we

*of this circuit except as may be provided by* Ninth Circuit Rule 36–3.

predict that the California Supreme Court would hold that the district court's ruling is not contrary to *Lisa M.*

The United States properly relies on *Maria D. v. Westec Residential Sec., Inc.,* 85 Cal.App.4th 125, 102 Cal.Rptr.2d 326 (2000), to support its argument that Avitia should not be permitted to recover on a respondeat superior theory where the underlying tort was Shohayeb's failure to follow the chaperone policy. Under *Westec,* Shohayeb's negligent failure to follow the chaperone policy, if there was any, merged into the intentional assault. *Id.* at 342. The district court's ruling, however, was also based on the negligence both of the clinic and Barbosa. While the evidence relied on by the district court to support its determination that the clinic and Barbosa were both negligent may be scant, the United States has waived this argument because it failed to raise it in its opening brief. *Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998).

Neither *Lisa M.* nor *Westec* forecloses liability-whether based on respondeat superior or another theory-when the negligent act on which liability is based is independent of an intentional sexual assault, even if the negligent act is in the chain of causation with the sexual assault. Consequently, we affirm the district court's liability determination to the extent that it is based on the negligence of the clinic or Barbosa.

The United States next argues that the district court erred when it relied on the testimony of health care administrators rather than the testimony of a physician to establish the standard of care that was applicable to Shohayeb. Since we have already concluded that Shohayeb's negligent failure to follow the chaperone policy cannot support the district court's liability determination, there is no need to address this question.

■ The United States next argues that the clinic's negligence (or that of its employees) was not the cause-in-fact or the proximate cause of Avitia's injuries. We review questions of causation for clear error. *Vollendorff v. United States,* 951 F.2d 215, 217 (9th Cir.1991).

The district court found that the "legal and proximate" cause of Avitia's injury was the failure of the clinic and those it employed to follow the chaperone policy. To recover for negligence, Avitia must demonstrate that the complained-of conduct was the cause-in-fact (or "but for" cause) as well as the proximate cause of her injury. The United States argues that the district court clearly erred when it held that the negligent acts, other than Shohayeb's intentional assault, were the cause-in-fact and proximate cause of Avitia's injuries. To prove cause-in-fact, Avitia must demonstrate that "but for" the clinic's (and its employee's) failure to follow the chaperone policy, her injuries would not have happened. *Akins v. Sonoma County,* 67 Cal.2d 185, 60 Cal.Rptr. 499, 430 P.2d 57, 65 (1967). Since Shohayeb's assault on Avitia would almost certainly not have happened if Barbosa was in the room at the time of the examination, the district court's finding of cause-in-fact here was not clearly erroneous. .

■ The United States' more forceful argument is that the clinic's (and its employee's) failure to follow the chaperone policy is not the proximate cause of Avitia's injuries because Shohayeb's assault on Avitia was a superseding cause. A superseding. cause is an intervening act that relieves a negligent actor of liability. *Werkman v. Howard Zink Corp.,* 97 Cal. App.2d 418, 218 P.2d 43, 47–48 (1950). An intervening act is a superseding cause if it is not foreseeable, or is highly unusual or extraordinary. *Schrimsher v. Bryson,* 58 Cal.App.3d 660, 130 Cal.Rptr. 125, 127 (1976). The chaperone policy at the clinic

at the time the complained-of assault took place was put in place in part to ensure patient safety. It is no stretch of imagination that such safety concerns would include the prevention of the kind of inappropriate conduct complained of here. If the policy was put in place to prevent such conduct, the assault was foreseeable and Shohayeb's intentional conduct did not supersede the negligent acts of the clinic and Barbosa.

The United States quotes the California Supreme Court's decision in *Lisa M.* as having held that intentional sexual misconduct like Shohayeb's is not reasonably foreseeable as a matter of law. That is not the holding of *Lisa M.* In *Lisa M.* the court limited its foreseeability analysis to respondeat superior cases, 48 Cal.Rptr.2d 510, 907 P.2d at 364, and declined to hold that "sexual misconduct is per se unforeseeable in the workplace." *Id.* at 363. In this context, we predict that the California Supreme Court would find that Shohayeb's conduct was foreseeable. Consequently, the district court's causation decision was not clearly erroneous.

Finally, the United States contends that the district court should have apportioned fault. A district court's apportionment of fault is a factual determination which we will reverse only if clearly erroneous. *Halek v. United States*, 178 F.3d 481, 485–86 (7th Cir.1999), *Knotts v. United States*, 893 F.2d 758, 762 (5th Cir.1990).

■ The district court awarded $210,000 in non-economic damages to Avitia and her husband and stated that "[t]o the extent that apportionment is appropriate and if it were indeed a requirement, I would find that the entire liability of this award and the entire cause of damage is born by the United States." The United States correctly contends that the district court should have apportioned the damages among the joint tortfeasors including, most importantly, Shohayeb for his intentional sexual misconduct. Section 1431.2 of the California Civil Code limits a defendant's liability for non-economic damages in a personal injury case to "that defendant's percentage of fault." Cal. Civ.Code § 1431.2 (2001). Here, Shohayeb's intentional misconduct was an important cause of Avitia's injury. *Weidenfeller v. Star & Garter*, 1 Cal.App.4th 1, 2 Cal.Rptr.2d 14, 16 (1991). The district court clearly erred when it disregarded his conduct as a contributing factor. We vacate the award of damages and remand this case for an apportionment of fault consistent with the reasoning in this opinion.

AFFIRMED in part, VACATED in part and REMANDED.