**F I L E D**

UNITED STATES COURT OF APPEALS

**JUL 9 1997**

TENTH CIRCUIT

LYNN S. WILSON,

          Plaintiff - Appellant,

   v.

WAL-MART STORES, INC.,

          Defendant - Appellee.

No. 97-2024

(D. New Mexico)

(D.C. No. CIV-95-1391-MV)

ORDER AND JUDGMENT[*]

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered

submitted without oral argument.

Lynn S. Wilson filed this diversity action against Wal-Mart Stores, Inc. after she

was robbed at gunpoint in the store's parking lot. Ms. Wilson alleged that under New

Mexico law Wal-Mart was negligent for providing inadequate security and failing to

warn. Wal-Mart moved for summary judgment, arguing that it owed no duty to Ms.

Wilson as a matter of law. Ms. Wilson requested that the district court deny, or defer a

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

decision on, the summary judgment motion until it ruled on her second motion to compel discovery. The district court granted Wal-Mart's motion for summary judgment, and denied Ms. Wilson's motion to defer its decision because Ms. Wilson failed to submit an affidavit in support of her request as required by Fed. R. Civ. P 56(f). Ms. Wilson appeals and we affirm.

## I. BACKGROUND

Beginning in March of 1994, the Wal-Mart store located at 301 San Mateo S.E. in Albuquerque, New Mexico, contracted with the Albuquerque Police Department to provide an off-duty police officer on the store premises. Wal-Mart had a sign in front of the store reserving certain parking "For Police Cars Only." Although the store opened at 7:00 a.m., Wal-Mart contracted to have the officer provide security from 11:00 a.m. until closing at 11:00 p.m. Wal-Mart decided to begin the security service at 11:00 a.m. because that is when a nearby high school began letting its students out for lunch. Many of the students bought lunch at the McDonald's located in Wal-Mart. The store became more crowded and shoplifting increased at that time.

The facts regarding the attack on Ms. Wilson are undisputed. On February 10, 1995, at approximately 8:00 a.m., Ms. Wilson parked her car in the Wal-Mart parking lot. Because it was before 11:00 a.m, there was no security guard on duty. As Ms. Wilson pulled into the parking lot, she observed other cars coming and going and several people in the area. She also noticed a person selling newspapers in front of the store. After parking, Ms. Wilson began walking toward the store. It was light outside

and she saw a man approaching her. Ms. Wilson testified at her deposition that she did not think the man was suspicious, but thought that he was going to ask her for money. Instead, the man pointed a gun at Ms. Wilson's chest and demanded her purse. In response, Ms. Wilson began yelling for help. The assailant attempted to take the purse, Ms. Wilson resisted, and a struggle ensued. The assailant ripped the purse from Wilson's hand and, in doing so, broke the purse straps. The assailant began running away and a man in the parking lot ran after him. The assailant held the gun in the air, warned everyone to stay away, and fled. Ms. Wilson then picked up some of her belongings that had fallen from her purse. She went into Wal-Mart and told an employee that she had been robbed and an employee called the police.

Ms. Wilson testified that she lived within "one or two miles, maybe a little bit more" of the store and had lived there for approximately ten years. Appellant's App. at 149. She stated that she never felt threatened in the neighborhood and had never heard of anyone being robbed or accosted in a store parking lot in the neighborhood. Wilson's husband, Michael Wilson, also testified that he considered the neighborhood safe.

Michael Basil, Wal-Mart's district loss prevention supervisor, testified that he was responsible for overseeing "both the physical security and the internal security" of the store. Id. at 80. He stated that he was aware of two or three criminal incidents that occurred at the Wal-Mart store "around the same time frame" of this robbery. Id. at 203. However, he did not describe the nature of the criminal incidents and testified that he could not remember whether or not the incidents preceded February 10, 1995. David

Montano, the store manager of Wal-Mart at the time of the incident, testified that there were approximately 250 to 300 shoplifting incidents in 1994 and that there may have been a few automobile vandalism incidents. In response to Ms. Wilson's request for admissions, Wal-Mart stated that it is "unaware of any strong arm incidents at the subject premises other than the one involving Plaintiff within the last five years." Id. at 271.

Ms. Wilson filed suit against Wal-Mart contending that Wal-Mart was negligent because it failed to provide more security to prevent foreseeable violent assaults, and because it failed to warn its customers. A discovery dispute developed during the several months that the parties were briefing the summary judgment issue. On May 4, 1996, Ms. Wilson filed a motion to compel and a motion for extension of discovery and related deadlines. While the motions were pending, on June 20, 1996, Wal-Mart moved for summary judgment. On June 25, 1996, the Magistrate Judge granted in part and denied in part Ms. Wilson's motion to compel and granted Ms. Wilson's motion to extend the discovery deadline to August 15, 1996. Wal-Mart then submitted supplemental discovery responses on July 1, 1996. On July 8, 1996, Ms. Wilson filed her memorandum in opposition to Wal-Mart's motion for summary judgment. In addition to arguing that there were genuine issues of material fact supporting her claim, Ms. Wilson contended that the district court should dismiss the motion as premature because discovery was continuing.

On July 15, 1996, Ms. Wilson submitted to Wal-Mart additional interrogatories, requests for production, and requests for admissions. On August 14, 1996, Wal-Mart

provided its responses to the additional discovery requests.  Unsatisfied with Wal-Mart's responses, Ms. Wilson filed her second motion to compel on August 22, 1996. Then, on September 26, 1996, the district court entered an order granting Wal-Mart's motion for summary judgment.  On October 7, 1996, Ms. Wilson filed a motion for reconsideration of the summary judgment order.  Ms. Wilson again argued that (1) genuine issues of material fact precluded summary judgment, and (2) "the Court [should] reconsider and/or defer its ruling on the summary judgment motion until the Court has decided Plaintiff's Second Motion to Compel and discovery has been completed."  Id. at 343.

On October 22, 1996, the Magistrate Judge denied Ms. Wilson's second motion to compel on the grounds that the district court's summary judgment ruling rendered the motion moot.  Subsequently, the district court denied Ms. Wilson's motion to reconsider.

Ms. Wilson appeals the district court's orders granting Wal-Mart's motion for summary judgment and denying Ms. Wilson's request for a deferral of the summary judgment ruling pending further discovery.

## II.  DISCUSSION

### A. Discovery

Ms. Wilson argues that the district court erred in refusing to defer its decision on Wal-Mart's summary judgment motion until the court ruled on the second motion to compel, and in refusing to reconsider the motion for summary judgment in light of the

discovery dispute. Summary judgment should not be granted if the nonmoving party has not had the opportunity to discover information essential to its opposition. <u>Committee for the First Amendment v. Campbell</u>, 962 F.2d 1517, 1521 (10th Cir. 1992). Accordingly, Fed. R. Civ. P. 56(f) allows the nonmovant to seek deferral of a summary judgment ruling pending complete discovery. <u>Id.</u> at 1521-22.[1] However, in order for a nonmovant to seek a deferral pursuant to Rule 56(f), the nonmovant must furnish an affidavit explaining "why facts precluding summary judgment cannot be presented." <u>Id.</u> at 1522; <u>see also</u> <u>DiCesare v. Stuart</u>, 12 F.3d 973, 979 (10th Cir. 1993). The nonmovant must identify the "probable facts not available and what steps have been taken to obtain these facts." <u>Campbell</u>, 962 F.2d at 1522. "The purpose of the affidavit is to ensure that the nonmoving party is invoking the protections of Rule 56(f) in good faith and to afford the trial court the showing necessary to assess the merit of a party's opposition." <u>Id.</u> (quoting <u>First Chicago Int'l v. United Exch. Co. Ltd.</u>, 836 F.2d 1375, 1380 (D.C. Cir. 1988)).

Ms. Wilson did not submit a Rule 56(f) affidavit in opposition to Wal-Mart's motion for summary judgment or at any other time. Rather, in her memorandum in opposition to Wal-Mart's motion, Ms. Wilson argued that as "a result of Defendant's failure to cooperate during the discovery process, Plaintiff has not been able to fully

[1]Rule 56(f) provides:
Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

explore or discover evidence regarding the issues addressed in Defendant's Motion, including issues as to the existence and extent of any duty it owed Plaintiff, the foreseeability of criminal activity on its premises, and its breach of any duty to Plaintiff." Appellant's App. at 183. Similarly, in her memorandum in support of the motion Ms. Wilson argued that due "to the pendency of Plaintiff's discovery motion, Plaintiff respectfully requests that the Court reconsider and/or defer its ruling on the summary judgment motion until the Court has decided Plaintiff's Second Motion to Compel and discovery has been completed." Id. at 343.

In this circuit, "counsel's unverified assertion in a memorandum opposing summary judgment does not comply with Rule 56(f) and results in a waiver." Campbell, 962 F.2d at 1522. Ms. Wilson's brief on appeal offers no argument regarding her failure to submit a Rule 56(f) affidavit. She simply argues that she "did raise discovery issues in her summary judgment response and properly and timely filed her Second Motion to Compel regarding those issues." Appellant's Reply Br. at 7. We agree with the district court that Ms. Wilson's failure to comply with Rule 56(f) waived the discovery issue.

### B. Duty to Protect from Foreseeable Harm

We review the grant of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When applying this standard, we examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Kaul, 83 F.3d at 1212.

There is no genuine factual dispute, and summary judgment may be granted, if there is a mere "scintilla of evidence" or if the evidence is "merely colorable or is not significantly probative." Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir. 1993) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 250-51 (1986)). "[T]he relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Bingaman v. Kansas City Power & Light Co., 1 F.3d 976, 980 (10th Cir. 1993) (quotation omitted).

Ms. Wilson contends that she "established the existence of material issues of fact that Wal-Mart owed her a duty to provide adequate security on its premises during the store's business hours and to warn her of a dangerous condition existing on its premises." Appellant's Br. at 5. More specifically, Ms. Wilson contends that Wal-Mart had a duty to provide a security officer during all business hours, to train its personnel regarding store patron security, and conduct security evaluations of the premises.

Under New Mexico law, a business proprietor "is not and cannot be an insurer of a guest or patron against personal injuries inflicted by another person on the premises, other than his servants or agents." Coca v. Arceo, 376 P.2d 970, 973 (N.M. 1962). However, a business proprietor is liable to patrons "who are injured by the harmful acts

of third persons if , by the exercise of reasonable care, the proprietor could have discovered that such acts were being done or about to be done, and could have protected against the injury by controlling the conduct of the other patron." Reichert v. Atler, 875 P.2d 384, 387 (N.M. Ct. App. 1992) (quoting Valdez v. Warner, 742 P.2d 517, 519 (N.M. Ct. App. 1987)), aff'd in part, 875 P.2d 379, 382 (N.M. 1994). A business proprietor has a duty to "protect patrons from the harm foreseeably inflicted by [a] third party." Reichert v. Atler, 875 P.2d 379, 381 (N.M. 1994). A business proprietor's "duty to protect visitors arises from the likelihood that a third party will injure a visitor and, as the risk of danger increases, the amount of care to be exercised by the [owner] [operator] also increases." Id. at 382; see also N.M. Uniform Jury Instructions 13-1320 (Supp. 1996).

Construing the facts in favor of Ms. Wilson, we conclude that no reasonable jury[2] could find that the attack on Ms. Wilson was reasonably foreseeable such that Wal-Mart was charged with a duty to provide greater security than it had been providing. First, there is no evidence of any prior violent incidents at Wal-Mart. The store manager at the time of the incident testified that there were numerous shoplifting incidents in 1994 and that there may have been a few automobile vandalism incidents. However, there is

---

[2]Wal-Mart cites Schear v. Board of County Comm'rs for the proposition that "[w]hether a duty exists is a question of law for the courts to decide." 687 P.2d 728, 728 (N.M. 1984). Schear involved the question of whether law enforcement officers have a duty to investigate violations of the criminal law. Id. It is not clear whether New Mexico would also charge courts with deciding whether a business proprietor has a duty to provide a certain level of security to address foreseeable harm. Fortunately we need not anticipate whether New Mexico would construe such a duty as a question of law or fact. In either case, we conclude that Wal-Mart is entitled to summary judgment.

no evidence of any "strong arm incidents" at the store other than the attack on Ms. Wilson.

Second, there is no evidence that Wal-Mart was located in a known high crime area. The only evidence regarding the level of crime in the area is the Wilsons' testimony that they believed the neighborhood was safe. Cf. Reichert, 875 P.2d at 387 (upholding trial court's finding that bar had inadequate security in light of its reputation as a dangerous bar and the scene of numerous murders, stabbings, shootings, assaults, and riots).

Finally, the only other evidence Ms. Wilson relies on as proof of foreseeability is (1) the fact that Wal-Mart hired a guard to provide security from 11:00 a.m. to 11:00 p.m., and (2) the affidavit of her expert witness. Ms. Wilson argues that the fact that Wal-Mart hired an off-duty officer to guard its premises proves Wal-Mart's "ability to foresee criminal activity." Appellant's Br. at 9. We disagree. If we were to adopt Ms. Wilson's view, business proprietors would be discouraged from providing security from fear that such a step would be proof of foreseeability. We think it is unlikely that such a result would comport with New Mexico's public policy. In any event, even if security measures are some proof of security concerns, the fact that Wal-Mart hired a security guard is not enough to create a genuine issue of fact in the absence of other evidence of foreseeability.

As for the affidavit from Ms. Wilson's expert witness, the opinion contained in that affidavit is wholly deficient. Louis Lehner's affidavit contains the conclusory statement that "Defendant Knew or had reason to know that a criminal act, including an

-10-

act such as that suffered by Plaintiff, would occur on its premises and it had a duty to its patrons, including Plaintiff, to use ordinary and reasonable care to make its premises safe." Appellant's App. at 192. The affidavit does not attempt to address any facts proving foreseeability and provides no support for Ms. Wilson's case. See Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985) ("[A] party may not avoid summary judgment solely on the basis of an expert's opinion that fails to provide specific facts from the record to support its conclusory allegations.").

The only further argument Ms. Wilson makes is that, regardless of foreseeability, "[o]nce Wal-Mart assumed its duty of protection by providing a 'security guard' on its premises, it was further obliged to perform that duty with reasonable and due care for Wilson's safety." Appellant's Br. at 9. Ms. Wilson does not cite any New Mexico law to support her claim that a business proprietor may assume a duty of security in the absence of foreseeability. Ms. Wilson does, however, cite a case from another jurisdiction, Harris v. Pizza Hut of Louisiana, Inc., 455 So.2d 1364 (La. 1984). Harris involved an armed robbery that occurred while a security guard was on duty, and that resulted in the shooting death of one customer. Id. at 1364. The court held that a "duty of protection which has been voluntarily assumed must be performed with due care." Id. at 1369. Thus, the court concluded that a "business which undertakes to hire a security guard to protect itself and its patrons is liable for physical harm which occurs because of negligence on the part of that guard." Id. However, even if New Mexico were to adopt a similar approach, it is undisputed that Wal-Mart did not provide a

-11-

security guard before 11:00 a.m. and, thus, it did not assume a duty at that time and there is no allegation that a security guard was negligent.[3]

In short, we conclude that there is not sufficient disagreement to submit to the jury regarding whether it was reasonably foreseeable that Wal-Mart customers had a risk of harm from violent attacks in the parking lot. The evidence is so one-sided that Wal-Mart must prevail as a matter of law.

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's order and judgment.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

---

[3]Ms. Wilson also argues in her reply brief that Wal-Mart assumed the duty to provide security at all times by "advertising their presence twenty four (24) hours a day through parking lot signs." Reply Br. at 5 (referring to signs "For Police Cars Only" in Wal-Mart parking lot). However, because Ms. Wilson raises this argument for the first time in her reply brief, it is waived. Codner v. United States, 17 F.3d 1331, 1332 n.2 (10th Cir. 1994).