VIGIL, Judge (specially concurring). I completely agree with the analysis of the PLCAA in the majority opinion. I write separately because, in my view, Defendants owed no duty to Plaintiffs in this case. Because no duty was owed, the analysis under the PLCAA is unnecessary. Rodriguez v. Del Sol Shopping Ctr. Assocs., 2014-NMSC-014, ¶ 1, 326 P.3d 465 holds that “foreseeability is not a factor for courts to consider when determining the existence of a duty, or when deciding to limit or eliminate an existing duty in a particular class of cases.” Rodriguez also requires courts to “articulate specific policy reasons, unrelated to foreseeability considerations, if deciding that a defendant does not have a duty or that an existing duty should be limited.” Id. The question presented under the facts of this case is whether Defendants owed a duty to control Montoya’s criminal actions of breaking into Plaintiffs’ home, stealing the rifle, opening the lock, loading the rifle, and then shooting and killing Vale when she returned home and confronted him. In my view, it is contrary to public policy to require the manufacturer of a firearm to control the criminal conduct of a third party who steals the firearm and then intentionally misuses the firearm to shoot and kill an innocent person. There is no relationship between the manufacturer, the shooter, and the victim that justifies imposing such a legal duty upon the manufacturer. Further, the manufacturer played no role in creating the risk suffered by Plaintiffs, nor is there any ability on the part of the manufacturer to control that risk. I therefore conclude that Defendants owed no duty to Plaintiffs in this case under the reasoning of the following authorities: City of Philadelphia v. Beretta U.S.A., Corp., 126 F. Supp. 2d 882, 898-903 (E.D. Pa. 2000), aff’d, 277 F.3d 415, 425 (3d Cir. 2002) (concluding that gun manufacturers are under no legal duty to protect citizens from the deliberate artd unlawful use of their products by applying a five factor test to determine if sound public policy dictates that a particular plaintiff is entitled to protection); Bloxham v. Glock Inc., 53 P.3d 196, ¶¶ 6-11 (Ariz. Ct. App. 2002) (considering public policy and holding that a gun manufacturer owed no duty to plaintiffs where the gun was sold at a gun show and the purchaser later used the gun to shoot and kill the victims); First Commercial Trust Co. v. Lorcin Eng'r, Inc., 900 S.W.2d 202, 214-216 (Ark. 1995) (holding that the manufacturer of a handgun owed no duty to the victim who was murdered); Hamilton v. Beretta U.S.A. Corp., 750 N.E.2d 1055, 1059-1063 (N.Y. App. 2001) (holding that handgun manufacturers do not owe a duty of reasonable care in the marketing and distribution of their handguns to persons killed or injured through the use of illegally obtained handguns, and concluding that public policy does not justify imposing such a duty). Since the foregoing authorities are consistent with New Mexico law, see Romero v. Giant Stop-N-Go of N.M., Inc., 2009-NMCA-059, ¶ 7,146 N.M. 520, 212 P.3d 408 (stating that as a general rule, in the absence of a special relationship, a person does not have a duty to protect a person from the criminal acts of a third person), I would reverse the district court order without resorting to the PLCAA. MICHAEL E. VIGIL, Judge