This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40420

**ARLENA JACKSON,**

Plaintiff-Appellant,

v.

**CHAVEZ SECURITY, INC.,**

Defendant-Appellee,

and

**COLUMBUS CAPITAL, LLC,**

Defendant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew, District Court Judge**

Hunt Law Firm
Lee R. Hunt
Aimee S. Bevan
Santa Fe, NM

for Appellant

Moses, Dunn, Farmer & Tuthill, P.C.
Lucas N. Frank
Jared A. Armijo
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}**     Plaintiff Arlena Jackson appeals from the district court's order granting Defendant Chavez Security, Inc.'s (Defendant CSI) motion for summary judgment. Plaintiff argues that (1) the district court erred in granting Defendant CSI's motion for summary judgment without ruling whether Defendant CSI owed Plaintiff a duty independent of the duty established by its contract agreement (Agreement) with Defendant Columbus Capital, LLC (Defendant Columbus), to provide security services as a matter of law under the Restatement (Second) of Torts § 324A (1965), or whether Defendant CSI owed Plaintiff a duty as an intended third-party beneficiary under the Agreement;1 and (2) the district court abused its discretion by granting summary judgment without permitting Plaintiff to complete discovery pursuant to Rule 1-056(F) NMRA, or submit a response on the merits. We affirm.

## BACKGROUND

**{2}**     After finishing a shopping trip at the San Isidro Plaza shopping center in Santa Fe, New Mexico, Plaintiff alleges that her purse was stolen out of her car. The thief then got into a different car and struck Plaintiff with that car as they fled. Plaintiff sued Defendant Columbus for negligence because, "as the owner of the shopping center, [Defendant Columbus] ha[d] a non[]delegable duty to use ordinary care to keep the premises safe for use by visitors, including protecting visitors from harm caused by third-party criminal conduct." Plaintiff also sued Defendant CSI for negligence based on the theory that Defendant Columbus "contracted with Defendant [CSI], a private security company, to provide security for visitors and tenants at" the San Isidro Plaza, and thus Defendant CSI "had a duty to exercise ordinary care to keep the parking lot safe for visitors."

**{3}**     Before the discovery period was complete, Defendant CSI moved for summary judgment, arguing that it did not owe Plaintiff a duty of care because it did not have a special relationship with Plaintiff. Plaintiff, in lieu of filing a substantive response to the motion for summary judgment, asserted, pursuant to Rule 1-056(F), that "[f]actual information essential for Plaintiff to respond to [Defendant] CSI's motion for summary judgment ha[d] not been developed and the motion should be denied pursuant to Rule [1-0]56(F)." In this Rule 1-056(F) motion, Plaintiff also provided legal argument in opposition to Defendant CSI's motion, asserting that "[Defendant] CSI had a duty to exercise ordinary care to protect patrons from harm at San Isidro Plaza" under the Restatement (Second) of Torts § 324A and under a theory that Plaintiff was a third-party intended beneficiary to the Agreement. Almost six months after Plaintiff filed her Rule 1-056(F) response, the district court held a hearing on Defendant CSI's summary judgment motion and ultimately granted the motion because Defendant made a prima facie case for summary judgment. Plaintiff appeals.

## DISCUSSION

## I.     Alternative Duties

---

1Defendant Columbus is not a party to this appeal.

**{4}** Plaintiff argues that the district court erred in granting summary judgment in Defendant CSI's favor without "consider[ing] whether a legal duty existed from [Defendant] CSI to Plaintiff independent of the terms of the [Agreement] prior to granting summary judgment." However, the district court plainly ruled on these theories by granting summary judgment in Defendant CSI's favor.

**{5}** Plaintiff argued these independent theories of duty in her Rule 1-056(F) motion in response to Defendant CSI's motion for summary judgment. Plaintiff first argues that, under the Restatement (Second) of Torts § 324A, Defendant Columbus contracted with Defendant CSI to fulfill its own duty as a landowner to "prevent harm to [Plaintiff] at San Isidro Plaza from third persons on the premises," thereby shifting a portion of this duty onto Defendant CSI. Second, Plaintiff argues that "[Defendant] CSI had a duty to Plaintiff to perform its duties under the security contract in a reasonable and prudent manner" because Plaintiff was an intended third-party beneficiary of the Agreement. The district court also heard argument on both theories of duty from Plaintiff and Defendant CSI in the hearing on Defendant CSI's motion for summary judgment. At the hearing, the district court stated that it granted summary judgment because Defendant CSI established a "prima facie case." By making a ruling contrary to Plaintiff's theories, the district court necessarily rejected Plaintiff's arguments. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought."). Therefore, we perceive no error in the manner in which the district court addressed Plaintiff's legal arguments.

**{6}** Moreover, Defendant CSI presented a single basis on which to grant summary judgment, and the district court granted summary judgment. As we have explained before, "while it is certainly preferable to know the district court's basis for granting or denying a motion for summary judgment, there is no requirement that the district court state its reasons beyond a statement that no genuine issues of material fact exist, and a specification of the ground upon which summary judgment has been granted if alternative grounds seeking summary judgment have been presented." *Thompson v. Potter*, 2012-NMCA-014, ¶ 5, 268 P.3d 57; *see* Rule 1-056(C) (requiring the district court to "specify the grounds" on which an order resolving a summary judgment motion are based "[i]f alternative grounds for summary judgment have been presented to the court"). Therefore, we conclude that the district court considered and rejected Plaintiff's arguments by granting summary judgment to Defendant CSI on a single basis, and we find no error.

## II.  Discovery Request and Motion Response

**{7}** Next, Plaintiff argues that it was abuse of discretion for the district court to grant summary judgment "without permitting Plaintiff to conduct necessary discovery requested pursuant to Rule 1-056(F)." "We review the grant or denial of a motion for continuance for an abuse of discretion." *Griffin v. Thomas*, 2004-NMCA-088, ¶ 53, 136 N.M. 129, 95 P.3d 1044.

**{8}** Rule 1-056(F) allows a party faced with summary judgment to request additional time to perform discovery to rebut the moving party's summary judgment motion. Under Rule 1-056(F), "the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just" if the affidavit of the party opposing the motion sufficiently states why it cannot present facts essential to oppose the motion. Rule 1-056(F) "does not require the court to grant a continuance, but rather gives the court discretion to do so if appropriate." *Griffin*, 2004-NMCA-088, ¶ 55. Plaintiff contends that the district court did not properly weigh the four factors laid out by our New Mexico Supreme Court in *Sun Country Savings Bank of New Mexico, F.S.B. v. McDowell*, 1989-NMSC-043, ¶ 27, 108 N.M. 528, 775 P.2d 730. While these procedural considerations may be vital to determine whether summary judgment was premature in some cases, if the reviewing court is "unable to perceive any benefit that [the p]laintiff could have received had the district court granted his motion for a continuance," there is no abuse of discretion. *Griffin*, 2004-NMCA-088, ¶ 56.

**{9}** Here, in her Rule 1-056(F) filing, Plaintiff argued that "[f]actual information essential for Plaintiff to respond to Defendant's CSI's motion for summary judgment ha[d] not been developed and the motion should be denied pursuant to Rule [1-0]56(F)." Plaintiff specifically listed the additional discovery she wished to perform in the form of questions of fact that she wished to answer. However, each of Plaintiff's questions for additional discovery related to the element of breach, while Defendant CSI's singular argument in favor of summary judgment was that Defendant CSI did not owe Plaintiff a duty. It falls on the district court to determine whether a duty exists as a matter of law. *See Morris v. Giant Four Corners, Inc.*, 2021-NMSC-028, ¶ 10, 498 P.3d 238 ("The determination of whether a duty exists is a matter of law and a question of policy made with reference to legal precedent, statutes, and other principles comprising the law." (internal quotation marks and citation omitted)); *Calkins v. Cox Estates*, 1990-NMSC-044, ¶ 8, 110 N.M. 59, 792 P.2d 36 ("The court must determine as a matter of law whether a particular defendant owes a duty to a particular plaintiff." (emphasis omitted)). In making this determination, courts are to "focus on policy considerations" and "should not engage in weighing evidence to determine whether a duty of care exists." *Rodriguez v. Del Sol Shopping Ctr. Assocs., L.P.*, 2014-NMSC-014, ¶ 19, 326 P.3d 465. Therefore, even if Plaintiff was allowed to perform the additional discovery as requested in her motion under Rule 1-056(F), the district court would not have been allowed to review the factual evidence in making its duty determination because "weighing evidence is the providence of the [fact-finder]." *Id.* ¶ 19. Therefore, because Plaintiff would have derived no benefit from completing the additional discovery, the district court did not abuse its discretion in denying Plaintiff's request for continuance. *See Griffin*, 2004-NMCA-088, ¶ 56 (holding "that the district court did not abuse its discretion in refusing to grant [the p]laintiff's motion for a continuance," because the court could not "perceive any benefit that [the p]laintiff could have received had the district court granted his motion for a continuance").

**{10}** The district court did not deny the request for additional discovery on this basis. The district court instead noted that the docket did not reflect that Plaintiff had used the

time between the filing of the motion and the hearing to conduct the requisite discovery and granted summary judgment because Defendant CSI presented a "prima facie case" and Plaintiff did not rebut the undisputed material facts set forth in the motion for summary judgment. The ruling suggests that the district court believed that additional evidence could have established a duty under the legal theories presented.[2] This Court "may affirm a district court if it was right for any reason and affirming on new grounds would not be unfair to the appellant." *Wild Horse Observers Ass'n v. N.M. Livestock Bd.*, 2016-NMCA-001, ¶ 29, 363 P.3d 1222. As we have explained, the district court correctly denied Plaintiff additional discovery, and we see no purpose in reversing this ruling where Plaintiff would receive no benefit from additional discovery. *See Griffin*, 2004-NMCA-088, ¶ 56.

**{11}**    Plaintiff also argues that it was an abuse of discretion for the district court to grant summary judgment without allowing Plaintiff to respond to the summary judgment on the merits. Within her request for a continuance under Rule 1-056(F), Plaintiff "request[ed] leave to file a response specifically addressing the arguments made in Defendant [CSI]'s [m]otion for [s]ummary [j]udgment" if the continuance was denied. Plaintiff also asserts that she "requested an opportunity to file a response on the merits" at the hearing on Defendant CSI's motion for summary judgment, which would have "includ[ed] providing testimony from her expert regarding [Defendant] CSI's many failures in the provision of security services under the . . . Agreement that would rebut [Defendant] CSI's material facts." However, on review of the record, Plaintiff only asked the court if she could file a motion to reconsider and supplement the record. She did not request to file a responsive motion opposing Defendant CSI's motion for summary judgment.

**{12}**    "To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." *Benz. V. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 (internal quotation marks and citation omitted). Moreover, an argument or request in a written motion will not sufficiently preserve an issue and invoke a ruling where that issue is not pursued and developed at the hearing on the motion. *See State v. Scharff*, 2012-NMCA-087, ¶ 19, 284 P.3d 447 ("[The d]efendant initially raised the pretext argument in her written pleadings related to the suppression motion [but] later failed to raise the issue during the suppression hearing and did not invoke a ruling by the district court on the pretext issue."). We decline to address this issue further as Plaintiff did not adequately preserve it for our review.

## CONCLUSION

---

[2] Plaintiff has expressly declined to appeal the substance of the grant of summary judgment. Specifically in relation to the existence of a duty, Plaintiff does not challenge the district court's determination "that the deemed admitted facts in [Defendant] CSI's [m]otion for [s]ummary [j]udgment . . . established a prima facie case that [Defendant] CSI had no duty to Plaintiff under the . . . Agreement" and maintains that "[t]he question before th[is] Court is whether the district court erred in granting summary judgment without ruling on these two claims, not the merits of these claims." For this reason, we do not consider whether the district court appropriately evaluated the duties in the present case.

**{13}** For the reasons above, we affirm.

**{14}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**KATHERINE A. WRAY, Judge**